# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEON AARON MORRIS,**

    **Plaintiff,**

**v.**                                                                               **Civil Action No. 2:14cv18**
                                                                                       **(Judge Bailey)**

**CHARLES E. SAMUELS, Jr., et al.,**

    **Defendants.**

## ORDER DENYING MOTION FOR RECUSAL

This case is before the Court on the *pro se* plaintiff's "Motion/Request for Recusal of Judge Robert W. Trumble – To Be Removed From Presiding Over Civil Case."

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The question presented by § 455(a) is not whether the judge "is impartial in fact," but "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). In other words, the standard is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Id.* at 287. Moreover, a judge is not required to recuse herself based solely on "unsupported, irrational or highly tenuous speculation." *Id.* Instead, the movant must state sufficient grounds to establish "the probability that a judge will decide a case on a basis other than the merits." *Id.* However, it is "possible for a confluence of facts to create a reason for questioning a judge's impartiality, even though none of those facts, in isolation, necessitates recusal under § 455(a)." *Id.* at 287.

In this case, Morris fails to allege any grounds which would show that a conflict of interest exists. Instead, it appears that he is merely unhappy with the manner in which this case has thus far been processed. In particular, Morris takes exceptions to rulings made by the undersigned, and the

Honorable John P. Bailey already has overruled his objections to those rulings. Furthermore, "[i]n order for judicial rulings to warrant recusal they either must be based on extradjudicial sources or accompanied by remarks which 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Law v. United States of America, 2009 WL 1884444 *3, *citing* Liteky v. United States, 510 U.S. 540, 555 (1994). Morris makes no such allegation. Finally, to the extent that Morris believes that the undersigned directed the defendants to file a motion to dismiss on the basis of timeliness or exhaustion, it is clear that the Order to Answer was entered pursuant to general procedures of this court. While an Order could have been entered directing the defendants to file an Answer solely on the issues of timeliness and exhaustion, this matter would have been further delayed should those defenses be unavailable, requiring a second Order to answer on the merits.

Accordingly, because the plaintiff has failed to show that a reasonable observer might question the undersigned's impartiality given the circumstances of this case, the plaintiff's Motion for Recusal (dckt. 52) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 20, 2014

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE