# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**LEON AARON MORRIS**,

      Plaintiff,

v.

                                                Civil Action No. 2:14-CV-18
                                                (BAILEY)

**CHARLES E. SAMUELS**, et al.,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"), filed on June 29, 2015 [Doc. 88]. In that filing, the magistrate judge recommended that this Court dismiss the plaintiff's Complaint with prejudice. As set forth below, this Court agrees with the magistrate judge and adopts his R&R over plaintiff's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On July 8, 2015, plaintiff requested a sixty day extension to file his objections. On July 9, 2015, this Court granted plaintiff's motion in part, giving the plaintiff a thirty day extension. Thereafter, plaintiff filed his objections on July 30, 2015. This Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects. See, e.g., **Austin v. Cuyler**, 499 F.Supp. 1116, 1116 (E.D. Pa. 1980). The remainder of the R&R will be reviewed for clear error.

I.  **BACKGROUND**

As Magistrate Judge Trumble set forth a comprehensive account of the facts in his R&R, this Court's factual summary will be brief. On March 5, 2014, Leon Morris, currently incarcerated at Federal Correctional Institution ("FCI") Elkton, filed a *pro se* civil rights Complaint [Doc. 1]. On September 21, 2011, Mr. Morris claims that he and three other inmates were falsely accused of losing a water hose at FCI Gilmer. As a result of losing the water hose, Plaintiff further alleges that he was removed from his prison job as a plumber and from the plumbing apprenticeship program. For relief, Plaintiff seeks "$600,000 for compensatory wage loss until [his] retirement age of 70 . . . and to be awarded $100,000 for punitive fines against Defendants, so that they will be deterred from committing these types of criminal acts against other similarly situated inmates under their custodial care." [Doc. 8 at 10].

On January 13, 2015, in Opposition to the Motion to Dismiss, Plaintiff further alleges

that Defendants violated his First Amendment rights to freedom of speech by retaliating against him and punishing him with adverse conditions after he filed his grievance. Specifically, Plaintiff claims that his pay was decreased, he was not allowed to go out on any work passes to perform institutional jobs, and he was forced to just sit inside the prison plumbing shop, on a bench, hour upon hours each day. Plaintiff also contends that defendants violated the Eighth Amendment rights to remain free from cruel and unusual punishment when he was placed on the "hitching post" for three hours, without drinking water and shelter or the ability to use the restroom, while staff searched for the missing water hose.

Defendants contend that the water hose was later located in another area of the prison. At the time, neither the plaintiff nor the other plumber trainees were charged with a disciplinary infraction. After the September 21, 2011 incident, Plaintiff worked as a plumber until November 9, 2012.

## II. DISCUSSION

Upon a review of the plaintiff's Complaint and objections, this Court agrees with the magistrate judge that the plaintiff is not entitled to the relief he seeks. Plaintiff objects mostly to overarching problems he finds in the "penal system" and intersperses allegations of prison official corruption. This Court, however, will construe plaintiff's objections liberally, in accord with the leniency offered *pro se* fillings.

### A. Factual Objections

First, Mr. Morris contends that R.A. Purdue, the Warden of FCI Gilmer, claimed he did not have personal knowledge of the September 21, 2011 incident. [Doc. 93]. Mr. Morris

attaches a grievance form signed by Mr. Perdue on November 23, 2012, to his objections. After a review of the record, it does not appear to this Court that Mr. Purdue professed that he did not have knowledge of Mr. Morris' claims. Regardless of that fact, the objection does not dispute any factual finds made in the R&R. Accordingly, plaintiff's objection is hereby **OVERRULED**.

### B. Constitutional Objections

Next, plaintiff contends that defendants falsely accused him of losing a water hose in an attempt to cover up placing an inmate in the "hole." Mr. Morris further contends that the prison officials "knowingly, willingly, with malice and [with] forethought" violated his First and Eighth Amendment rights, as well as his "equal protection rights." [Doc. 95 at 5].[1]

In considering the plaintiff's Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison official acted with a 'sufficiently culpable state of mind.'" **Edmondson v. Spencer,** No. 1:11CV179, 2014 WL 713260, at *4 (N.D. W.Va. Feb. 21, 2014) (citing **Wilson v. Seiter**, 501 U.S. 294 (1991)).

For the first element, plaintiff argues that he meets this standard because he was "forced to endure extremely hot weather with no shade, no restrooms, no drinking water...." [Doc. 95 at 5]. Viewing the facts in a light most favorable to the plaintiff, Mr. Morris' allegation that he spent three to four hours without drinking water or ability to go to the restroom does not amount to cruel and unusual punishment. The discomfort alleged by

---

[1] Plaintiff failed to allege a set of facts that support his First Amendment challenge; thus, plaintiff's claims are mere assertions that are not grounded in facts.

plaintiff may have been harsh, but does not arise to cruel and unusual punishment. *See* ***Rhodes v. Chapman***, 452 U.S. 337, 347 (1981) ("[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). For the second element, plaintiff argues that defendants acted with a sufficiently culpable state of mind. [Doc. 95 at 5]. Plaintiff's bald assertion, without evidence of harm to his well-being, fails to meet this standard. *See* ***Brown v. N. Carolina Dep't of Corr.***, 612 F.3d 720, 723 (4th Cir. 2010) ("the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."). Plaintiff has failed to allege a sufficient set of facts to support an Eighth Amendment claim. *See* ***Wilson v. Seiter***, 501 U.S. 294 (1991).

Supplemental to his Eighth Amendment claim, plaintiff asserts that his equal protection rights were violated "by defendants by removing plaintiff from plumbing job for low job rating when inmates who were caught with drugs, weapons . . . were hired back by plumbing supervisors." [Doc. 95 at 9]. Plaintiff maintains this is the result of racial discrimination, *inter alia*.[2]

The Fourth Circuit has noted that while the Equal Protection Clause protects prisoners similarly situated from arbitrary racial discrimination, review of prison supervisory actions is weighed against the necessary withdrawal or limitation of many privileges and rights of prisoners. ***Morrison v. Garraghty***, 239 F.3d 648, 654 (4th Cir. 2001). Providing a framework for analysis of an equal protection claim, the Fourth Circuit explains that the

---

[2] Plaintiff claims that the toolroom inmates were racists and that the inmates accused of taking the water hose were identified as black. [Doc. 95 at 6].

Equal Protection Clause prohibits a governmental decision maker from "'treating differently persons who are in all relevant respects alike.'" *Id.* (quoting **Nordlinger v. Hahn**, 505 U.S. 1, 2 (1992)). To succeed in an equal protection claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Id.*

Here, it was documented by the plumbing foreman at FCI Gilmer that plaintiff's work performance rating declined after the water hose went missing. During that time, plaintiff became argumentative with his supervisors. [Doc. 61-5 at 3]. Even after a decline in his performance, plaintiff continued to work as a plumber for over a year after the incident.[3] There is no evidence to support his claim that race was considered in the defendants' decision to terminate the plaintiff. Moreover, this Court is unpersuaded by plaintiff interjecting stories in the news on prison corruption and applying it to his claims. As an inmate, prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." **Freeman v. Rideout**, 808 F.2d 949, 951 (2d Cir. 1986). This Court finds that the plaintiff has failed to meet his burden of proof that he has been treated differently from other inmates and that defendants intentionally discriminated against him.

Similar to plaintiff's previous objection, plaintiff claims that he was removed from his plumbing position because he had misplaced a water hose and that defendants used his low job performance as a pretext for him being fired. "A plaintiff alleging that government

---

[3] Plaintiff commenced his administrative grievance process on September 26, 2011 and remained in his position until November 2012.

officials retaliated against [him] in violation of [his] constitutional rights must demonstrate . . . that [he] suffered some adversity in response to her exercise of protected rights." ***Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cty., Md.***, 999 F.2d 780, 785 (4th Cir. 1993) (citing ***Huang v. Bd. of Governors of Univ. of N. Carolina***, 902 F.2d 1134, 1140 (4th Cir. 1990)).

Here, there is no constitutionally protected right to a prison job or a particular pay grade. *See* ***Johnson v. Knable***, 862 F.2d 314 (4th Cir. 1988) ("prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."). It is evident from the record that the plaintiff was terminated based upon his work performance—not an incident that took place the previous year. Plaintiff cannot merely state the facts underlying alleged constitutional violations; he must also explain how those facts establish that his rights were violated. As previously explained, plaintiff has alleged no facts to support the claim for cruel and unusual punishment. Plaintiff also offered no viable evidence of a racial discrimination claim. Accordingly, plaintiff's objections are hereby **OVERRULED**.

### C. Miscellaneous Objections

Next, plaintiff objects to the denial of appointment of counsel. By appointing counsel, plaintiff argues that it will help uncover the corruption in the prisons. In a civil proceeding, the Court has discretion to request an attorney to represent an indigent party. *See* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, plaintiff may be entitled to appointment of counsel only after a showing of a particular need or exceptional circumstance. *See* ***Cook v. Bounds***, 518 F.2d 779 (4th Cir. 1975). After a review of the

plaintiff's objection, plaintiff has neither shown particular need nor an exceptional circumstance. Thus, plaintiff's objection is **OVERRULED**.

Last, Mr. Morris claims that Assistant U.S. Attorney Helen Altmeyer released confidential information in regards to the plaintiff. After a review of the record, this Court finds that plaintiff's claim is without merit. Accordingly, plaintiff's objection is **OVERRULED**.

## III. CONCLUSION

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 88]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, Plaintiff's Objections **[Docs. 93, 94, 95]** are **OVERRULED**. Furthermore, plaintiff's Motions to Appoint Counsel **[Docs. 65, 96]**, Motion for Default Judgment **[Doc. 66]**, Motion Requesting Court to File a Complaint with the Bar Against Attorney Helen Campbell Altmeyer **[Doc. 77]**, Motion to Obtain Vital Information Concerning Civil Case **[Doc. 80]**, Motion to Release all Information Concerning Civil Case to Congressman David B. McKinley **[Doc. 81]**, Motion for Non-Disclosure **[Doc. 97]**, and Motion Requesting this Court to Request a Full Investigation into Racial Discrimination **[Doc. 82]** are hereby **DENIED**. In addition, Plaintiff's Motions to Amend **[Docs. 64, 72, 74, 84]** and Defendants' Motion to Dismiss or for Summary Judgment **[Doc. 60]** are hereby **GRANTED**. Accordingly, Plaintiff's Complaint, including the Amendments set forth in his Motions to Amend **[Doc. 1, 64, 72, 74, 84]**, are hereby **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of defendants and strike this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: August 17, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE